United States District Court
Southern District of Indiana
Indianapolis Division

Case No.
2:24-cv-_____

**Carter Logistics LLC**
Plaintiff

—v—

**Adonis Carrier Inc., Progressive Northern Insurance, Progressive Casualty Insurance Company, and Solomon's Logistics Inc.**
Defendants

## Verified Notice of Removal

Progressive Northern Insurance and Progressive Casualty Insurance Company remove this matter from the Madison Circuit Court to this Court under 28 U.S.C. § 1441 *et seq*. In support of removal, they show the Court as follows:

### Background

1. On December 26, 2023, Carter Logistics filed breach of contract and federal statutory violation claims against Adonis Carrier and Solomon's Logistics, along with a declaratory judgment action against the Progressive entities, in the Madison Circuit Court under cause no. 48C05-2312-PL-000177. Carter Logistics is a freight broker that seeks reimbursement for a $123,827 loss sustained when a freight shipment was damaged in a May 2, 2023 motor vehicle accident.

2. Carter Logistics' complaint and all pleadings and process served on the Defendants is attached as exhibit A.[1]

---

[1] 28 U.S.C. § 1446(a).

Citizenship

3   Carter Logistics is an Indiana limited liability company with its principal place of business in Anderson, Indiana.

4   Adonis Carrier was incorporated in Kentucky and had its principal place of business in Alexandria, Kentucky.

5   Progressive Northern Insurance is incorporated in Wisconsin and has its principal place of business in Mayfield Village, Ohio.

6   Progressive Casualty Insurance Company is incorporated in Ohio and has its principal place of business in Mayfield Village, Ohio.

7   Solomon's Logistics is incorporated in Florida and has its principal place of business in Fort Lauderdale, Florida.

8   This is an action between citizens of different states.

Amount in controversy

9   Carter Logistics' complaint contains an *ad damnum* clause stating its damages total $123,827. So the amount in controversy exceeds $75,000 as required under 28 U.S.C. § 1332(a).

Timeliness

10   Both Progressive entities were first served with copies of the complaint and summons on January 3, 2024, and so are removing this case within 30 days in accord with 28 U.S.C. § 1446(b)(3).

Jurisdiction and Venue

11   This Court has original jurisdiction of this matter under 28 U.S.C. §

1332(a), and so this action may be removed to this Court.

12  Venue is proper in the Indianapolis division as the events leading to the incident complained about occurred in Madison County, Indiana.[2]

13  The Defendants served a notice of filing of notice of removal, with a copy of this removal notice, upon Carter Logistics and have filed the notice of removal in the Madison Circuit Court.[3]

Co-Defendants' Consent

14  In accord with 28 U.S.C. § 1446(b)(2)(A), Progressive's counsel has sought the consent of both Adonis Carrier, Inc. and Solomon's Logistics, Inc., to removal. While Solomon's Logistics confirms its consent (see below), Progressive's counsel has been unable to locate or establish contact with any authorized representative of Adonis Carrier.

15  Plaintiff's Notice of Service confirms it obtained service of process on Adonis Carrier via its registered agent, Michael D. Macke, on January 4, 2024. On January 29, 2024, Progressive's counsel attempted to contact an Adonis Carrier representative via the email address (adoniscarrierinc@gmail.com) listed in Progressive's file to request consent to removal, but no response has been received.

16  On February 1, 2024, Progressive's counsel spoke with Mr. Macke (of Vandermoere & Macke–http://www.vminvestigations.com) via phone. Mr. Macke confirmed he has never been employed by Adonis Carrier and has no personal relationship with that company or with any of its

---

[2] 28 U.S.C. § 94(b)(1).

[3] 28 U.S.C. § 1446(d).

representatives, and has no authority to act or otherwise consent to anything on Adonis Carrier's behalf. He is only a local agent for service of process purposes and was hired by #1 A+ Agents of Process, Inc., based in Lone Tree, Colorado. As required by his contract, he forwarded the summons and complaint he received in tis matter to his contact, Venus Azari, at #1 A+ Agents of Process, Inc.

17  On February 1, 2024, Progressive's counsel spoke with Venus Azari by phone. Ms. Azari confirmed that she, too, has never been employed by Adonis Carrier and has no personal relationship with that company or with any of its representatives, and has no authority to act or otherwise consent to anything on Adonis Carrier's behalf. Ms. Azari confirmed her only contractual obligation was to send a copy of the summons and complaint she received from Mr. Macke to the mailing address and email address listed for Adonis Carrier in her records (i.e., 8109 Alexandria Pike Suite 3, Alexandria, KY, 41101 and adoniscarrierinc@gmail.com). Ms. Azari had done so, but had received no response from Adonis Carrier. Ms. Azari also reported that, according to the information available to her from SAFER, Adonis Carrier is an inactive entity and had its insurance cancelled on September 27, 2023.

18  The screenshot from the SAFER website (https://safer.fmcsa.dot.gov) attached as Exhibit B confirms Adonis Carrier is not authorized to operate. Progressive's counsel called the phone number listed for Adonis Carrier on SAFER, but received an automated message stating the call cannot be completed as dialed.

19  The screenshot from the Kentucky Secretary of State's Business Entity Search database

(https://web.sos.ky.gov/bussearchnprofile/search.aspx) attached as Exhibit C shows no entity operating in Kentucky under the name Adonis Carrier.

20  Upon information and belief, Adonis Carrier is a defunct entity and has no active representative authorized to consent to removal of this case under 28 U.S.C. § 1446(b)(2)(A). Although technically served via its registered agent in Indiana, Adonis Carrier has not properly joined in these proceedings as it has not appeared and, by all indications, no longer exists.

I affirm, under the penalties for perjury, that the above statements are true.

*/s/ Brian R. Gates*
Brian R. Gates | 26369-71
Hunt Suedhoff Kearney LLP
Suite 300
205 W. Jefferson Blvd.
Post Office Box 4156
South Bend, IN 46634-4156

574.232.4801 | 574.232.9736 fax

bgates@hsk-law.com

Progressive's Attorney

Consent to Removal

The undersigned defendant consents to removal of this matter in accord with 28 U.S.C. § 1446(b)(2)(A):

Solomon's Logistics, Inc.

By: /s/ Scott L. Tyler (with permission)
Its attorney

Certificate of Service

I certify that on February 2, 2024, I served this notice of removal on the following via email:

Craig J. Helmreich
Megan K. Bolt
Helmreich Law, LLC
10250 Landis Blvd.
Fishers, IN 46040
craig@helmreichlaw.com
megan@helmreichlaw.com

Plaintiff's Attorney

Scott L. Tyler
Waters, Tyler, Hofmann & Scott, LLC
1947 E. Spring St.
New Albany, IN 47150
styler@wthslaw.com
Solomon's Logistics' Attorney

*/s/ Brian R. Gates*
Brian R. Gates | 26369-71